```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
LOREN RICHARDSON, on behalf                                 :
of himself, individually, and on behalf                     :
of all others similarly-situated                            :
                                        Plaintiff,          :
                                                            :
           -against-                                        :
                                                            :
REGEIS CARE CENTER, LLC, et al.,                            :
                                        Defendants.         :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1/30/2017

16 Civ. 3538 (LGS)

**<u>OPINION AND ORDER</u>**

LORNA G. SCHOFIELD, District Judge:

      Plaintiff Loren Richardson brings this action alleging that Defendants Regeis Care Center, LLC, Chaim Sieger and Abraham Sieger violated the Fair Labor Standards Act ("FLSA") by failing to pay him proper overtime. Defendants moved to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) and attached numerous exhibits in support of their motion. On October 11, 2016, Defendants' motion was converted into a motion for summary judgment, and the parties were afforded the opportunity to submit supplemental briefing and evidence. On consideration of the parties' submissions, Defendants' motion is granted.

**I.    BACKGROUND**

      The following facts are drawn from the evidence submitted by the parties in connection with the present motion. For purposes of this motion, all factual disputes are resolved, and all reasonable inferences are drawn, in favor of Richardson. *See Wright v. N.Y. State Dep't of Corr.*, 831 F.3d 64, 71–72 (2d Cir. 2016).

      Loren Richardson is a Registered Professional Nurse who is licensed and registered to practice in the State of New York. On September 21, 2012, Richardson was hired as a

Registered Nurse Supervisor by Regeis Care Center.  Richardson signed a notice and acknowledgement of his salary, overtime rate and designated payday on August 30, 2012.  The notice and acknowledgement states his rate of pay as $88,500 per year and lists him as exempt from overtime pay.  On September 21, 2012, and again on January 1, 2013, Richardson signed a form specifically for exempt employees which states that Richardson's pay is a weekly salary of $1,701.9240.  On January 1, 2014, and January 30, 2015, Richardson signed otherwise identical forms which list his weekly salary as $1,701.9275.

From September 21, 2012, through December 2013, Richardson generally worked 35 hours per week, consisting of five shifts of seven hours per week.  In or about December 2013, Richardson requested that he be permitted to work two additional shifts of seven hours each in order to supplement his income.  Regeis Care Center granted Richardson's request, and on certain weeks, Richardson worked extra shifts as a Registered Nurse Supervisor, for which he received extra payment.

On October 26, 2015, Richardson was suspended without pay for three days, from October 27, 2015, through October 29, 2015.  A Regeis Care Center employee counseling document signed by both Richardson and his supervisor states that the suspension was the result of Richardson's failure to update the plan of care for a resident following a doctor's appointment and his failure to initiate a care plan for another resident.  Richardson states that the suspension occurred because he complained to his supervisors that he had too much work.  The written Regeis Care Center discipline policy permits suspension for "[i]nefficiency, incompetence, insubordination or negligence in the performance of duties" and "[r]efusal to accept reasonable and proper assignments from authorized supervisors," among other policy violations.

According to Regeis Care Center's payment reports from April 29, 2013, through

December 30, 2015, Richardson never made less than his weekly salary of $1,701.92 per week except for the week of November 5, 2015, which reflected his three-day suspension in the week prior. For weeks when Richardson worked more than 35 hours per week, he was paid $48.62 per hour on top of his weekly salary, which is equivalent to the prorated hourly amount of his $88,500 annual salary. In some weeks, Richardson took vacation, personal, sick or holiday time, and was paid at least his weekly salary of $1,701.92 despite working fewer than 35 hours in those weeks.

## II. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate where the record before the court establishes that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute as to a material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of informing the court of the basis for the summary judgment motion and identifying those portions of the record that demonstrate the absence of a genuine dispute as to any material fact. Fed. R. Civ. P. 56(c)(1); *see, e.g.*, *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Victory v. Pataki*, 814 F.3d 47, 58–59 (2d Cir. 2016). Courts must construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in the non-moving party's favor. *See Anderson*, 477 U.S. at 255. "[A] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment." *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (alteration in original) (internal quotation marks and citation omitted). Instead, a party

asserting that a fact is genuinely disputed "must support the assertion" by citing to the record or showing that "the materials cited do not establish the absence or presence of a genuine dispute." Fed. R. Civ. P. 56(c).

### B. FLSA Overtime Requirements

Subject to certain exceptions, "FLSA requires employers to pay all employees . . . overtime of time and one-half for hours worked in excess of forty hours per week." *Glatt v. Fox Searchlight Pictures, Inc.*, 811 F.3d 528, 533 (2d Cir. 2016); *see also* 29 U.S.C. § 207(a)(1). An employee who is "employed in a bona fide executive, administrative, or professional capacity," is exempt from FLSA's overtime requirement. 29 U.S.C. § 213(a)(1). "To qualify for this exemption[,] an employee's work must satisfy both a duties requirement and a salary requirement." *Anani v. CVS RX Servs., Inc.*, 730 F.3d 146, 147 (2d Cir. 2013) (citing 29 C.F.R. §§ 541.2, 541.300).

As is relevant in this case, to fulfill the overtime exemption's salary requirement, an employee must be paid at least $455 per week on a "salary basis." 29 C.F.R. §§ 541.100(a)(1), 541.600(a); *see also* 29 C.F.R. § 541.602(a). An employee is paid on a salary basis "if the employee regularly receives each pay period . . . a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." 29 C.F.R. § 541.602(a); *see Havey v. Homebound Mortgage, Inc.*, 547 F.3d 158, 161 (2d Cir. 2008) (discussing the salary basis test).

Deductions from an exempt employee's pay may be made without affecting the employee's salaried status if the deduction is made for "unpaid disciplinary suspensions of one or more full days imposed in good faith for infractions of workplace conduct rules . . . . imposed pursuant to a written policy applicable to all employees." 29 C.F.R. § 541.602(b)(5). Likewise,

an employer may provide additional compensation to an employee without changing the employee's status as a salaried employee as long as the employment arrangement includes a "guarantee of at least the minimum weekly-required amount paid on a salary basis." *Id.* § 541.604(a); *see also, e.g.*, *Rivera v. Anjost Corp.*, 645 F. App'x 30, 31 (2d Cir. 2016) (summary order) (payment of additional compensation did not affect employee's status as salaried employee where he received regular weekly compensation and pay never dipped below guaranteed amount); *Stein v. Guardsmark, LLC*, No. 12 Civ. 4739, 2013 WL 3809463, at *5 (S.D.N.Y. July 23, 2013) ("[P]ayment of overtime does not compromise a finding that an employee was paid on a salary basis.") (internal quotation marks omitted).

"A claim of exemption under the FLSA is an affirmative defense, and the employer bears the burden of proof in making any such claim." *Dejesus v. HF Mgmt. Servs., LLC,* 726 F.3d 85, 91 n.7 (2d Cir. 2013).

### III. DISCUSSION

Richardson alleges that Defendants violated FLSA by not paying him time-and-a-half for the overtime work that he performed. Richardson does not contest that he meets the duties requirements of the professional exemption from FLSA's overtime requirement. Instead, he claims that the professional exemption does not apply because Defendants paid him on an hourly, rather than salaried, basis. In support of his non-salaried status, Richardson argues first that Defendants' payroll records indicate that he was compensated on an hourly basis, because he earned the same $48.62 for each hour he worked. Second, Richardson argues that he was not a salaried employee because he was paid less than $1,702.92 during the week of November 5, 2015, as a result of working only two days in the prior week.

Based on the evidence, no reasonable jury could find that Richardson was an hourly,

rather than a salaried, employee. The evidence shows that Richardson was paid a salary, which far exceeded the $455 per week threshold for finding an exemption. The notice and acknowledgement that Richardson signed on August 30, 2012, states that he was paid on a yearly salary basis of $88,500 and that he knew he was exempt. The subsequent notice and acknowledgements that Richardson signed also state that Richardson was paid on a salary basis and list his weekly salary as $1,702.92, which corresponds to his listed yearly salary of $88,500. Regeis Care Center's payroll records indicate the same. Richardson was never paid less than $1,702.92 per week, with the one exception of the week he was suspended. Each week that Richardson worked more than his required 35 hours, he was compensated for his additional work at the prorated hourly rate for his salary.

As the Second Circuit recognized in a case with nearly identical facts, an employer may compensate a salaried employee for additional hours worked at a rate based on the employee's prorated salary without invalidating the employee's status as a salaried employee. *See Rivera*, 645 F. App'x at 31. The evidence in this case likewise shows that Richardson was paid on a salary basis.

Richardson argues that he was not a salaried employee because he did not earn a guaranteed weekly salary for the week that he was suspended, but rather was paid for that week at an hourly rate commensurate with the hours he worked that week. The deductions taken from Richardson's salary during the week of November 5, 2015, have no bearing on his status as a salaried employee. Employers may deduct an employee's pay without disturbing the employee's salaried status if the deductions are for "unpaid disciplinary suspensions of one or more full days imposed in good faith for infractions of workplace conduct rules . . . . imposed pursuant to a written policy applicable to all employees." 29 C.F.R. § 541.602(b)(5).

6

To avoid this exemption, Richardson argues that he was not suspended in good faith for infractions of workplace conduct rules, but rather for complaining about his workload. Consequently, Richardson argues that there is a genuine dispute of material fact surrounding his salaried status sufficient to defeat summary judgment. This argument is unavailing because either alleged reason for the suspension was permissible under Regeis Health Care's written disciplinary policy. *See Anderson*, 477 U.S. at 248 (to qualify as a material fact, a jury must be able to rely on it to return a verdict in favor of the non-moving party). The Regeis Health Care disciplinary policy permits suspension for incompetence or negligence in the performance of duties, and for refusing to accept reasonable assignments from supervisors. Nothing in Richardson's declaration suggests that the assignments were unreasonable; Richardson simply states that he complained about having too much work. Thus, whether the suspension was due to Richardson's improperly caring for residents, as Defendants allege, or due to Richardson complaining about his workload, as Richardson alleges, the suspension was permitted by Defendants' generally applicable written policy. Richardson's three-day suspension does not provide a reason to believe that Richardson was not salaried.

Richardson attempts to argue for the first time in his supplemental briefing that Defendants were not required to pay him a minimum weekly salary. He contends that the only reason he earned at least $1,702.92 in weeks when he worked less than 35 hours was because he cashed out his sick, personal and vacation days to make up the reduction in his pay. Richardson provides no evidence to support this assertion, and the unsupported argument in his supplemental brief is therefore insufficient to raise a genuine issue of material fact as to whether he was a salaried employee. *See, e.g.*, *Hicks*, 593 F.3d at 166 (speculation as to true nature or facts is insufficient to overcome summary judgment motion).

Because the uncontested evidence in this case shows that Richardson was an exempt employee who was paid overtime consistent with his salary and commensurate with the number of hours he worked, Richardson is not entitled to relief under FLSA.

## IV.     CONCLUSION

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED. The Clerk of Court is respectfully directed to close the motion at Docket No. 16 and to close this case.

Dated:  January 30, 2017
        New York, New York

*[signature]*
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**